IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 2 5 2009

JAMES N. HATTEN, Clerk

By _____ Deputy Clerk

| | |
|---|---|
| CYNTHIA H. COWAN, CHARLES H. COWAN, JR., JERRY DALMAN, KATHRYN HUSTON, CURTIS HUSTON, KELLY POLTERMANN, BRAD POLTERMANN, LINDA RIZZO, RONALD RIZZO and JACQUELINE M. SPANGLER, | CIVIL ACTION FILE |

Plaintiffs,

v.

C. R. BARD, INC. and
COVIDIEN INC. d/b/a SOFRADIM
PRODUCTION,

Defendants.

NO. _____

1 09-CV-3339

## COMPLAINT

COME NOW Cynthia H. Cowan, Charles H. Cowan, Jr., Jerry Dalman, Kathryn Huston, Curtis Huston, Kelly Poltermann, Brad Poltermann, Linda Rizzo, Ronald Rizzo and Jacqueline M. Spangler, as Plaintiffs herein, and hereby file this Complaint, showing the Court as follows:

PARTIES, JURISDICTION AND VENUE

1.

Plaintiffs Cynthia H. Cowan and Charles H. Cowan, Jr. are residents of the State of Georgia.

2.

Plaintiff Jerry Dalman is a resident of the State of Michigan.

3.

Plaintiffs Kathryn Huston and Curtis Huston are residents of the State of Georgia.

4.

Plaintiffs Kelly Poltermann and Brad Poltermann are residents of the State of Wisconsin.

5.

Plaintiffs Linda Rizzo and Ronald Rizzo are residents of the State of Wisconsin.

6.

Plaintiff Jacqueline M. Spangler is a resident of the State of Florida.

7.

Defendant C. R. Bard, Inc. ("Bard") is a New Jersey corporation with its principal place of business in New Jersey. All acts and omissions of Bard as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

8.

Defendant Covidien Inc. d/b/a Sofradim Production

("Covidien") is a Delaware corporation with its principal place of business in Massachusetts. All acts and omissions of Covidien as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

9.

This civil action arises out of surgeries performed on Cindy Cowan, Jerry Dalman, Kathryn Huston, Kelly Poltermann, Linda Rizzo and Jacqueline M. Spangler (hereinafter collectively referred to as the "female Plaintiffs"), as described below, during which medical devices designed, manufactured, marketed, packaged, labeled and sold by Bard and Covidien (hereinafter collectively referred to as "Defendants") were implanted in the female Plaintiffs.

10.

Plaintiffs are seeking damages in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

11.

Bard Urological, the division of Defendant C. R. Bard, Inc. that designed, manufactured, marketed, packaged, labeled and sold the products at issue in this lawsuit, is located in the Northern District of Georgia in Covington, Georgia.

3

12.

Bard has significant contacts with the Northern District of Georgia such that it is subject to personal jurisdiction within said district.

13.

A substantial part of the events and omissions giving rise to Plaintiffs' causes of action occurred in the Northern District of Georgia.

14.

Pursuant to 28 U.S.C. § 1391(a), venue is proper in the Northern District of Georgia.

FACTUAL BACKGROUND

15.

At all times relevant herein, Bard was engaged in the business of designing, manufacturing, marketing, packaging, labeling, and selling medical devices, including its Avaulta and Avaulta Plus Anterior and Posterior BioSynthetic Support Systems, specifically placing said products into the stream of commerce.

16.

At all times relevant herein, Covidien was engaged in the business of designing, manufacturing, marketing, packaging, labeling, and selling medical devices, including its Ugytex polypropylene mesh, a component of the Avaulta and Avaulta Plus

4

Anterior and Posterior BioSynthetic Support Systems (Ugytex and the Avaulta and Avaulta Plus Anterior and Posterior BioSynthetic Support Systems are hereinafter collectively referred to as the "Products"), specifically placing said products into the stream of commerce.

17.

Plaintiff Cynthia H. Cowan was implanted with an Avaulta Anterior BioSynthetic Support System during surgery performed by Dr. Perry Busbee, III, at WellStar Kennestone Hospital in Marietta, Georgia.

18.

Plaintiff Jerry Dalman was implanted with an Avaulta Plus Posterior BioSynthetic Support System and an Avaulta Plus Anterior BioSynthetic Support System during surgery performed by Dr. Sandra K. Russell at Ingham Regional Medical Center in Lansing, Michigan.

19.

Plaintiff Kathryn Huston was implanted with an Avaulta Plus Posterior BioSynthetic Support System during surgery performed by Dr. Peter C. Mann at Emory Eastside Medical Center in Snellville, Georgia.

20.

Plaintiff Kelly Poltermann was implanted with an Avaulta Plus Anterior BioSynthetic Support System and an Avaulta Plus

5

Posterior BioSynthetic Support System during surgery performed by Dr. Scott N. Beatse at Aurora Lakeland Medical Center in Elkhorn, Wisconsin.

21.

Plaintiff Linda Rizzo was implanted with an Avaulta Plus Anterior BioSynthetic Support System and an Avaulta Plus Posterior BioSynthetic Support System during surgery performed by Dr. Henry Kaminski at Community Memorial Hospital in Menomonee Falls, Wisconsin.

22.

Plaintiff Jacqueline M. Spangler was implanted with an Avaulta Plus Posterior BioSynthetic Support System and an Avaulta Anterior BioSynthetic Support Systems during surgery performed by Dr. Dean E. Altenhofen at Sacred Heart Hospital in Pensacola, Florida.

23.

The Products were implanted to treat the female Plaintiffs for pelvic organ prolapse, the use for which Defendants marketed the Products.

24.

As a result of having the Products implanted in them, the female Plaintiffs have experienced significant mental and physical pain and suffering, have sustained permanent injury and

6

permanent and substantial physical deformity, and have undergone
or will undergo corrective surgery or surgeries.

25.

As a result of having the Products implanted in them,
Plaintiffs Cindy Cowan, Kathryn Huston, Kelly Poltermann and
Linda Rizzo have endured impaired physical relations with their
husbands, Plaintiffs Charles H.Cowan, Jr., Curtis Huston, Brad
Poltermann and Ronald Rizzo, respectively.

CAUSES OF ACTION

COUNT I: NEGLIGENCE

26.

Plaintiffs incorporate by reference paragraphs 1-25 of the
Complaint as if fully set forth herein.

27.

Defendants had a duty to individuals, including the female
Plaintiffs, to use reasonable care in designing, manufacturing,
marketing, labeling, packaging and selling the Products.

28.

Defendants were negligent in failing to use reasonable care
in designing, manufacturing, marketing, labeling, packaging and
selling the Products.

29.

As a direct and proximate result of Defendants' negligence,
the female Plaintiffs were caused and/or in the future will be

7

caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT II: STRICT LIABILITY – DESIGN DEFECT

30.

Plaintiffs incorporate by reference paragraphs 1-25 of the Complaint as if fully set forth herein.

31.

The Products implanted in the female Plaintiffs were not reasonably safe for their intended use and were defective as a matter of law with respect to their design.

32.

As a direct and proximate result of the Products' aforementioned defects, the female Plaintiffs were caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

33.

Defendants are strictly liable to the female Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

8

## COUNT III: STRICT LIABILITY - MANUFACTURING DEFECT

34.

Plaintiffs incorporate by reference paragraphs 1-25 of the Complaint as if fully set forth herein.

35.

The Products implanted in the female Plaintiffs were not reasonably safe for their intended use and were defective as a matter of law with respect to their manufacture.

36.

As a direct and proximate result of the Products' aforementioned defects, the female Plaintiffs were caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

37.

Defendants are strictly liable to the female Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## COUNT IV: STRICT LIABILITY - FAILURE TO WARN

38.

Plaintiffs incorporate by reference paragraphs 1-25 of the Complaint as if fully set forth herein.

9

39.

The Products implanted in the female Plaintiffs were not reasonably safe for their intended use and were defective as a matter of law due to their lack of appropriate and necessary warnings.

40.

As a direct and proximate result of the Products' aforementioned defects, the female Plaintiffs were caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

41.

Defendants are strictly liable to the female Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

COUNT V: BREACH OF EXPRESS WARRANTY

42.

Plaintiffs incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

43.

Defendants made assurances to the general public, hospitals

10

and health care professionals that the Products were safe and reasonably fit for their intended purposes.

44.

The female Plaintiffs and/or their health care providers chose the Products based upon Defendants' warranties and representations regarding the safety and fitness of the Products.

45.

The female Plaintiffs individually, and/or by and through their physicians reasonably relied upon Defendants' express warranties and guarantees that the Products were safe, merchantable, and reasonably fit for their intended purposes.

46.

Defendants breached these express warranties because the Products implanted in the female Plaintiffs were unreasonably dangerous and defective and not as Defendants had represented.

47.

Defendants' breach of its express warranties resulted in the implantation of unreasonably dangerous and defective products in the female Plaintiffs' bodies, placing said Plaintiffs' health and safety in jeopardy.

48.

As a direct and proximate result of Defendants' breach of the aforementioned express warranties, the female Plaintiffs

11

were caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

### COUNT VI: BREACH OF IMPLIED WARRANTY

49.

Plaintiffs incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

50.

Defendants impliedly warranted that the Products were merchantable and were fit for the ordinary purposes for which they were intended.

51.

When the Products were implanted in the female Plaintiffs to treat their pelvic organ prolapse, the Products were being used for the ordinary purposes for which they were intended.

52.

The female Plaintiffs, individually, and/or by and through their physicians, relied upon Defendants' implied warranty of merchantability in consenting to have the Products implanted in them.

53.

Defendants breached these implied warranties of

12

merchantability because the Products implanted in the female Plaintiffs were neither merchantable nor suited for the intended uses as warranted.

54.

Defendants' breach of its implied warranties resulted in the implantation of unreasonably dangerous and defective products in the female Plaintiffs' bodies, placing said Plaintiffs' health and safety in jeopardy.

55.

As a direct and proximate result of Defendants' breach of the aforementioned implied warranties, the female Plaintiffs were caused and/or in the future will be caused to suffer severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including but not limited to obligations for medical services and expenses, present and future lost wages, and other damages.

COUNT VII: LOSS OF CONSORTIUM

56.

Plaintiffs incorporate by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

57.

As a direct and proximate result of the above-described injuries sustained by Plaintiffs Cindy Cowan, Kathryn Huston, Kelly Poltermann and Linda Rizzo, their husbands, Plaintiffs

13

Charles H. Cowan, Jr., Curtis Huston, Brad Poltermann and Ronald Rizzo, respectively, have suffered a loss of their wives' consortium, companionship, society, affection, services and support.

## COUNT VIII: PUNITIVE DAMAGES

58.

Plaintiffs incorporate by reference paragraphs 1-57 of this Complaint as if fully set forth herein.

59.

Defendants knew or should have known that the Products were defective and presented an unreasonable risk of harm to the female Plaintiffs.

60.

Defendant's conduct as described in this Complaint, for which Plaintiffs are entitled to recover compensatory damages, manifested a conscious indifference to, and/or flagrant disregard of, the safety of those persons who might foreseeably have been harmed by the Products, including Plaintiffs, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs each demand trial by jury, judgment against Defendants, jointly and severally, for compensatory and punitive damages in an amount exceeding $75,000, as well as costs, attorney fees, interest, or any other relief, monetary or equitable, to which they are entitled.

14

**BLASINGAME, BURCH, GARRARD &
ASHLEY, P.C.**
Attorneys for Plaintiffs


Gary B. Blasingame
Georgia Bar No. 062900
Henry G. Garrard, III
Georgia Bar No. 286300
Andrew J. Hill, III
Georgia Bar No. 353300
Josh B. Wages
Georgia Bar No. 730098
Adam B. Land
Georgia Bar No. 075641

440 College Avenue
P.O. Box 832
Athens, Georgia 30603
706-354-4000

15

## JURY TRIAL DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury of all issues triable of right by jury at the time of the trial of the within action.